IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY,<br><br>         Plaintiff,<br><br>  v.<br><br>24 HOUR FITNESS WORLDWIDE, INC.<br>(SANTA MONICA),<br><br>         Defendant.<br>_____/ | No. C-13-893-EDL<br><br>**REPORT AND RECOMMENDATION RE: APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISS WITHOUT PREJUDICE** |

Plaintiff Amanda Levy filed her complaint and Application to Proceed <u>In Forma Pauperis</u> on February 27, 2013. Because all parties have not consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), the Court issues this Report and Recommendation and will reassign the case to a district judge. For the reasons set forth below, the Court recommends granting Plaintiff's application to proceed <u>in forma pauperis</u> and dismissing Plaintiff's complaint without prejudice.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed <u>in forma pauperis</u>, the court may dismiss a case <u>sua sponte</u> if the court determines that the party applying for <u>in forma pauperis</u> status has filed a frivolous action or that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989). In making this determination, the Court assesses the factual and legal basis of the asserted wrong, "however inartfully pleaded," to determine whether a basis for federal jurisdiction exists. <u>See</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir.

1984). "A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." Id. (citing Taylor v. Gibson, 529 F.2d 709, 717 (5th Cir.1976)). In evaluating whether a claim has been stated, courts examine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted), 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id. at 324.

Plaintiff's Application to Proceed In Forma Pauperis adequately alleges Plaintiff's poverty. Plaintiff states that she is homeless and unemployed, previously received state welfare benefits but now receives nothing, and has no assets or bank account. Because Plaintiff qualifies for In Forma Pauperis status, her Application should be granted.

However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that is frivolous or fails to state a claim upon which relief may be granted. Plaintiff's complaint is generally difficult to comprehend but appears to allege that she was granted verbal permission to store her possessions at a 24 Hour Fitness Center in Santa Monica, California from midnight to 6:00 a.m., provided that she was on premises and not sleeping there, despite a general policy to the contrary. She claims that Defendant violated this verbal agreement by removing her possessions from the property after which an employee allegedly stole her possessions. She also claims that Defendant's employees humiliated her, yelled at her which caused her to fall, and falsely imprisoned her by blocking her path to an exit. She also alleges that she has a physical disability and is of Nigerian descent. Based on these allegations, Plaintiff's complaint claims breach of oral contract, personal injury, false imprisonment, burglary, and national origin and disability discrimination in public accommodation under the Civil Rights Act. Plaintiff seeks $3,000,000 in compensatory

2

damages as well as punitive damages.

Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state ... as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. Because Plaintiff's complaint acknowledges that "[b]oth Plaintiff and Defendant reside in California," (Compl. at 4), there is no diversity jurisdiction.

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir.2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).

The only federal question arguably raised in Plaintiff's complaint is whether Defendant violated the Civil Rights Act by allegedly discriminating against her based on her disability or national origin. However, a "bare citation to" federal statutes or the U.S. Constitution fails to establish the requisite subject matter jurisdiction. See Levy v. Ryan Seacrest Productions, 2013 WL 418291, *4 (E.D.Cal. 2013). Plaintiff has offered only a "bare citation" to a federal statute, 42 U.S.C. section 2000a (Title II of the Civil Rights Act of 1964), and has failed to allege facts that could support a claims under this statute. Plaintiff has not alleged that she was denied full and equal enjoyment of Defendant's "goods, services, facilities, privileges, advantages, and accommodations" due to discrimination based on her race, color, religion, or national origin. See 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national

1  origin."). Although Plaintiff states in a conclusory manner that she was discriminated against, she
2  has not alleged any facts that would demonstrate that such a claim is plausible on its face. Rather,
3  Plaintiff alleges that her belongings were stolen because she was storing them at Defendant's facility
4  due to an oral agreement with a manager, despite a policy generally disallowing such storage. There
5  is no apparent connection between Plaintiff's national origin and any of Defendant's alleged bad
6  acts, and if anything it appears that Plaintiff was granted favorable treatment by Defendant for at
7  least some period of time. Further, Plaintiff's complaint repeatedly makes reference to the fact that
8  Defendant is apparently a private club, and Plaintiff was a member of that club. See Compl. at 2.
9  The statutory provision cited by Plaintiff specifically states that, "The provisions of this subchapter
10 shall not apply to a private club or other establishment not in fact open to the public, except to the
11 extent that the facilities of such establishment are made available to the customers or patrons of an
12 establishment within the scope of subsection (b) of this section. 42 U.S.C.A. § 2000a(e). To the
13 extent that Defendant is a private club not open to the general public, which appears to be the case
14 from the allegations of the Complaint, Plaintiff's claim is barred on this basis as well. Accordingly,
15 plaintiff has failed to properly plead an actionable federal claim, and such claim cannot serve as the
16 basis for federal question jurisdiction.[1]

17 Plaintiff alleges additional claims based on California state law, such as negligence, breach
18 of oral contract, burglary, false imprisonment and "personal injury tort." Compl. at 2–4. Because
19 diversity jurisdiction does not exist in this case and that there are no valid federal claims apparent on
20 the face of Plaintiff's well-pleaded complaint, this Court lacks subject matter jurisdiction.
21 Accordingly, the undersigned recommends that the Court decline to exercise supplemental
22 jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c).

23 For the foregoing reasons, the Court recommends that this Complaint be dismissed without
24 prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

25 The Court notes that this Complaint appears to be one of several hundred complaints that

---

[1] To the extent that Plaintiff purports to state a claim under the Americans with Disabilities Act ("ADA"), Plaintiff fails to allege what provision of the ADA Plaintiff purports to sue under or any valid basis for an ADA claim since Plaintiff does not allege any connection between her purported disability and the conduct that she alleges occurred at Defendant's facility.

4

Plaintiff has filed all over the country, many of which have recently been deemed frivolous for reasons similar to those stated in this Report and Recommendation.  See, e.g., Levy v. Ryan Seacrest Productions, 2013 WL 418291 (E.D.Cal., January 30, 2013); Ajuluchuku v. Google, 2012 WL 5464358 (E.D.Cal., November 07, 2012); Ajuluchuku v. Apple, Inc., 2012 WL 5035944, at *3–4 (E.D.Cal. Oct.17, 2012); Ajuluchuku v. Macy's, 2012 WL 5464467 (E.D.Cal.,2012); Ajuluchuku v. Apple, Inc., 2012 WL 3862617 (E.D.Cal., Sept. 5, 2012).

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: March 6, 2013

*(signature)*

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge